Argued October 27, affirmed December 8, 1975

JOHN STEVEN TICE, *Petitioner, v.* OREGON
STATE PENITENTIARY (No. 02-75-113)
(CA 4664), *Respondent.*
542 P2d 1040

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

In this petition for judicial review of the deci-

sion of the disciplinary committee of the Oregon State Penitentiary petitioner appeals from his conviction of Major Rule 3[1] — "Present in an Unauthorized Area."

Petitioner alleges that the disciplinary committee violated Rule IV(5)(d)[2] regarding the admissibility of evidence obtained through an unidentified informant. Additionally, he contends that there was insufficient evidence to support the committee's decision.

Respondent concedes that Rule IV(5)(d) was not complied with, however it argues that no prejudice resulted.

■■ We agree. The evidence of motivation was not necessary to the proof of the violation charged, namely, that petitioner was present in an unauthorized area. The committee's finding of fact made no reference to petitioner's motivation and made no conclusion based thereon. We are of the opinion that the other evidence in the record was sufficient to support the finding of the guilt. *Bonney v. OSP,* 16 Or App 509, 519 P2d 383, *aff'd* 270 Or 79, 526 P2d 1020 (1974).

Affirmed.

---

[1] "Major Rules of Prohibited Conduct" adopted by the Corrections Division December 17, 1974.

[2] Rule IV(5)(d) provides:

"Information derived from unidentified informants may be received by the disciplinary committee as evidence providing:

"(1) The disciplinary committee must find good cause to believe that an individual would be in jeopardy or at unusual risk of harm if his identity and statement were revealed,

"(2) The record must contain information from which the disciplinary committee can reasonably conclude that the informant was credible and his statement reliable,

"* * * * *." "Procedures for Disciplinary Action" of the Corrections Division.