Argued December 17, 1975, affirmed January 19, reconsideration denied February 25, petition for review denied March 31, 1976

JOHN STEVEN TICE, *Appellant,*

*v.*

CUPP, *Respondent.*

(No. 89897, CA 5278)

544 P2d 605

*John R. Miller,* Salem, argued the cause and filed the brief for appellant.

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

**LANGTRY, J.**

This appeal is from the dismissal of petitioner's (an Oregon State Penitentiary inmate) habeas corpus petition after the state's demurrer thereto had been sustained.

It is agreed in briefs that petitioner had been the subject of a penitentiary disciplinary hearing for an alleged rule violation in which he was found guilty. In the petition we find in the record herewith, he says error in the disciplinary proceeding was admitted by the respondent penitentiary superintendent and petitioner's appeal therefrom to the Court of Appeals was "expunged," and the matter remanded for "further disciplinary action," which he alleges was in progress at the time he filed the petition. Petitioner also alleges that he is not guilty of the rule violation, and pleads "double jeopardy." A "Replication," filed May 8, 1975, to the respondent's return (required by ORS 34.540) to the petition for writ is also in the record we have, but the record does not include the return itself. The replication admits and denies various contents of the return by referring to the paragraph numbers of the return without setting out what they say. Petitioner also realleges in the replication the substance of what is in the petition.

Thus, from the incomplete record we do not know the basis for the judgment from which this appeal is taken, for we do not know what was in the return which petitioner admitted and denied in various unknown respects. We need not remand for completion of a record for appeal, however, because facts conceded in the briefs and argument and shown by the records of this court, regardless of what the return alleged, dictate a conclusion of this habeas corpus proceeding.

The respondent in his brief, referring to a rehearing of the disciplinary proceeding after it had been returned for "further proceedings," says:

"* * * [T]he disciplinary committee again found petitioner guilty of the violation as charged and reim-

posed the same sanction. The decision of the disciplinary committee has been upheld on appeal. *See John Steven Tice v. Oregon State Penitentiary,* 23 Or App 530, 542 P2d 1040."

This was not denied in oral argument. Further, our records show that we did affirm such a disciplinary decision. This shows that petitioner had his hearing and appeal on his contention that he is not guilty of the disciplinary charge and any other contentions he advanced in this habeas corpus proceeding. Petitioner has been trying in this proceeding to relitigate that matter; indeed, he appears to have been involved in two proceedings, one in circuit court and the other before the disciplinary committee and this court at the same time on the same subject. The petition was properly dismissed, for he has had his appeal on the second disciplinary proceeding, and the opportunity to pursue any claimed errors in that appeal.

Affirmed.